# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **DANNY RICARDO ALONSO** ) | |
| **A 70 692 492,** ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.  SA-07-CV-207-XR |
| VS. ) | |
| ) | |
| **MARC MOORE, Field Office Director,** ) | |
| **Immigration & Customs Enforcement,** ) | |
| **DHS,** ) | |
| ) | |
| **MICHAEL CHERTOFF, Secretary,** ) | |
| **Department of Homeland Security,** ) | |
| ) | |
| **ERASMO BRAVO, Warden, South** ) | |
| **Texas Detention Complex** ) | |
| ) | |
| Respondents. ) | |

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

On this date, the Court considered Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) and Motion for Temporary Restraining Order and/or Preliminary Injunctive Relief (Docket No. 2).  This case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Petitioner is instructed to file a petition for review with the appropriate circuit court of appeals. The Clerk is instructed to close this case.

A Court may dismiss a case on its own initiative (i.e. *sua sponte*) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  Fed. R. Civ. P. 12(h)(3)("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action")(emphasis added); *Clark v. Commercial State Bank*, No. MO-00-CA-140, 2001

WL 685529, *8 (W.D. Tex. April 16, 2001);*Geddie v. Seaton*, No. 3:05-CV-2216-R, 2005 WL 3478114, *3 (N.D. Tex. Dec. 19, 2005)("Courts have the duty to raise the question of subject matter jurisdiction *sua sponte* under rule 12(b)(1)" )(citing *Bridgmon v. Array Systems Corporation*, 325 F.3d 572, 575 (5th Cir.2003)).

Petitioner requests this Court to enter an emergency temporary restraining order and/or a preliminary injunction enjoining Respondents from removing the Petitioner from the United States pending a ruling on Petitioner's Writ of Habeas Corpus. Petitioner states that this Court has jurisdiction under 28 U.S.C. § 2241(c)(1) & (3) ("Habeas Corpus–Power to Grant Writ"), article I, Section 9, clause 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. 1331 ("Federal Question Jurisdiction").

Congress on May 11, 2005, enacted the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231. The Act explicitly forecloses habeas review of removal orders and provides that a petition for review is the sole and exclusive means of judicial review for all removal orders except those issued pursuant to 8 U.S.C. § 1225(b)(1). *See* Pub. L. No. 109-13, 119 Stat. 231, 310, § 106(a)(1)(B). *Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006); *Jama v. Gonzales*, 431 F.3d 230, 233 (5th Cir. 2005); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir.2005), *cert. denied*, 126 S. Ct. 1055 (2006). In pertinent part, the REAL ID Act amended 8 U.S.C. § 1252 to place review of all final removal orders, for both criminal and non-criminal aliens, in the courts of appeals by adding the following provision:

> Exclusive Means of Review–Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any

provision of this Act, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). A petition for review must be "filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). These provisions took effect on May 11, 2005, the date of enactment, and apply to cases in which the final order of removal was issued "before, on, or after" May 11, 2005. REAL ID Act § 106(b), Pub. L. No. 109-13, 119 Stat. at 311.

"Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States" under Subchapter II is available only in judicial review of a final order under § 1252. 8 U.S.C. § 1252(b)(9).[1] The Real ID Act has eliminated any question of the availability of habeas review by adding the following to § 1252(b)(9): "Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact." 8 U.S.C. § 1252(b)(9).

This Court does not have subject matter jurisdiction to consider the merits of this case. Petitioner has not alleged that he is entitled to habeas review in district court under section 1225(b)(1). Consequently, this case is DISMISSED WITHOUT PREJUDICE for lack of subject

---

[1] Subchapter II, entitled "Immigration," of Chapter 12, "Immigration and Nationality," of Title 8, "Aliens and Nationality."

matter jurisdiction.² Petitioner is instructed to file a petition for review with the appropriate circuit court of appeals. The Clerk is instructed to close this case.

It is so ORDERED.

SIGNED this 12th day of March, 2007.

                                      XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE

---

²The undersigned notes the Real ID Act provides for transfer of habeas petitions challenging a final order of removal "to the court of appeals for the circuit in which a petition for review could have been properly filed." REAL ID Act § 106(c), Pub.L. No. 109-13, 119 Stat. at 311. However, this provision is specifically limited to those petitions "pending in a district court on the date of the enactment" of the Real ID Act. *Id.* This action was not filed until March 9, 2007, almost two years after enactment. Accordingly, dismissal for lack of subject matter jurisdiction, rather than transfer to the Fifth Circuit, is the appropriate disposition of this action. *See Navarro-Reyna v. Pasquarell*, No. A-06-CA-460 LY, 2006 WL 1805702, *2 n.1 (W.D. Tex. June 27, 2006).